Warner, Chief Justice.
This was an action of trespass brought' by the plaintiff against the defendants to recover damages for the levy and seizure of two mules of the plaintiff under a pretended lien fi. fa. which was issued against the plaintiff’s husband. On the trial of the case, the jury found a verdict for the plaintiff for the sum of $100 00. A motion was made for a new trial on the several grounds set forth in the record, which was overruled, and the defendants excepted. The evidence in the record shows that the mules were the separate property of .Mrs. Pattishal, and were used by her husband in making a crop on her land; that the sheriff declined to make the levy on the property jintil Gunn gave him a bond of indemnity; that the levy was made by the direction of Gunn, one of the defendants, and one witness proved the plaintiff’ was damaged $100. In the view which we have taken of this case, it is not necessary to consider what would be the duty and liability of the sheriff in levying an execution, apparently regulat and valid on the face thereof. It appears in the record that on the 7th day of March, 1871, the plaintiff in the pretended lien fi. fa., by his attorney at law, made an affidavit before the Ordinary *of Plouston county that Pattishal was indebted to him in the sum of $100 00, besides interest, on a draft'given by. said Pattishal on the plaintiff, Gunn, and accepted by him, said draft dated March 31st, 1870, as an advance on his growing crop of cotton, for the purpose of purchasing supplies to make said crop, and that hé has a lien on the crop grown on the farm of said Pattishal in the year 1870, of cotton, corn, and on his stock of all kinds, for the payment of said draft, and all costs and counsel fees for collecting, and *302 alleged a demand and refusal to pay the draft within twelve months from the time the same became due. On this affidavit being filed, the clerk of the Superior Court issued a ñ. fa. against the defendant, Pattishal, in favor of the plaintiff, Gunn, reciting the facts, substantially, as set forth in the affidavit, and commanding the sheriff to levy and sell a sufficient amount of the crop of cotton and corn of 1870, made on his farm, and stock of all kinds of said defendant, to pay said draft, with interest and costs.
Since the passage of the Act of 1870, the affidavit is the only judgment required to authorize an execution for the enforcement of a factors’ and merchants’ lien upon the growing crops of farmers, for provisions and commercial manures furnished. If there was any law in existence at the time the affidavit was made in this case, which created a lien on the property of the defendant for the payment of the draft specified therein, or which authorized an execution to be issued for the enforcement of such lien against the property of the defendant, it has escaped our observation, much less against the separate property of the defendant’s wife. The 1977th section of the Code clearly does not authorize any such proceeding to collect the plaintiff’s draft; that section gives to factors and merchants only, a lien upon the growing crops of farmers for provisions and commercial manures furnished, and the affidavit in this case does not state that the plaintiff was either a factor or a merchant. To create a lien under this section of the Code, and have the same enforced as steamboat liens upon the growing crops of farmers, the plaintiff must allege in his affidavit *that‘ he is either a factor or a merchant, and that as such, he has furnished either provisions or commercial manures, or both, upon such terms as may have been agreed on by 'the parties. There being no law to authorize such a judgment creating a lien on the defendant’s property, on the statement of facts contained in the plaintiff’s affidavit, (conceding the affidavit to operate as a judgment under the lien law) the same was void, and the execution 'which issued thereon was void, as is apparent on the face thereof, and the plaintiff who directed the same to be levied, as well as the sheriff who levied it either on the property of the defendant, or on the separate property of his wife, were trespassers, 'and liable for damages as such. But it is said, the verdict for one hundred dollars is excessive in view of the facts of the case. Where parties undertake to seize the property of another ’ without authority of law, they should expect to pay damages, and one of the witnesses swears the plaintiff was damaged the amount of the verdict. In view of the facts of this case, and the evidence contained in the record, this Court cannot say, under the law which governs this class of cases, that the verdict of the jury is excessive.
Let the judgment of the Court below be affirmed.