Eve *vs.* Crowder.

JOHN C. EVE, plaintiff in error, *vs.* JOHN B. CROWDER, defendant in error.

1. Where execution has issued to enforce a crop lien, and is founded on an affidavit so fatally defective that the proceeding is invalid, a judgment sustaining an affidavit of illegality will not be reversed, whether the ground of illegality alleged be good or bad. The invalidity of the execution being apparent on inspection of the plaintiff's affidavit, a reversal would be fruitless.

2. For one to have a lien as landlord for supplies, without special contract in writing, the relation of landlord must exist; and that it did in fact exist when the supplies were furnished, must appear in the affidavit of foreclosure as one of the facts necessary to constitute the lien.

Practice in the Supreme Court. Landlord and tenant. Lien. Before Judge UNDERWOOD. Floyd Superior Court. January Term, 1877.

Reported in the opinion.

FORSYTH & HOSKINSON, for plaintiff in error.

WRIGHT & FEATHERSTON, for defendant.

BLECKLEY, Judge.

1. The ground of illegality alleged in the defendant's affidavit related to exemption of the particular property from levy and sale. The justice's court overruled the affidavit, holding the property subject. The superior court, on *certiorari*, reversed the justice's court, and sustained the affidavit of illegality. It appears from an inspection of the record, that the plaintiff's execution is invalid. For that reason, whether the particular ground of illegality set up in the defendant's affidavit be good or bad, is practically immaterial. It would be idle to send the case back.

2. The execution is invalid because issued to enforce a crop lien for supplies, when the affidavit foreclosing the lien was fatally defective. Only a landlord could be entitled to such

a lien without a special contract in writing.      Code, §1978; acts of 1875, p. 20.      The affidavit, as copied in the record, neither affirms to a special contract in writing, nor to the relation of landlord.      It says the supplies were furnished to make a crop for the year 1876 on the land of the deponent (the plaintiff), but it does not disclose how, or under whom the land was held by the defendant, or even if it was held by him at all at the time the supplies were furnished.      The affidavit refers to no contract respecting the occupation or use of the land, and does not describe the plaintiff as landlord, or the defendant as tenant.      See 48 *Ga.*, 405 ; 49 *Ib.*, 299 ; 56 *Ib.*, 288.

Judgment affirmed.