## HATHAWAY *v.* SMITH *et al.*

A petition alleging that there were no proceedings pending in a justice's court, and that no affidavit had been made on which an execution could issue, but that, for the purpose of illegally exacting cost, an execution had been prepared and levied on plaintiff's property, to her damage, sets out a cause of action against the officers issuing and levying such fi. fa.

Argued March 18, — Decided April 8, 1903.

Action for damages.     Before Judge Nottingham.     City court of Macon.     July 12, 1902.

Mrs. Hathaway sued George L. Smith and J. B. Golden, alleging, in brief, that Smith was a justice of the peace, and Golden constable of the justice's court; that Golden forcibly entered her house and, in spite of her objections, seized a trunk and three rugs belonging to her and carried them to Smith's court, under an alleged execution issued by Smith, which purported to have been based on the foreclosure of a laborer's lien in the justice's court; that he had no right to do this, there being no proceeding in the justice's court upon which a levy could be made; that Smith and Golden illegally held the property for several weeks, until they were forced by her counsel to return it to her; that they knew they had no right to seize and retain it; that the seizure and retention were the result of collusion on their part to exact from her illegally costs and money to which they knew they were not entitled; that the seizure was a wilful and malicious trespass against her and her property; that the alleged execution was void, because no such laborer's lien as therein referred to was ever foreclosed in Smith's court, nor an affidavit made on which an execution could have issued; that at the time of the seizure she was earning her living by keeping boarders; that by reason of the acts complained of, her boarders left her and her business was broken up, she suffered humiliation and mortification, her reputation was damaged, and she was forced to incur expense in employing counsel to recover the property, all of which damaged her in the sum of $20,000, for which she prayed judgment; also that she had given due and legal notice to the defendants of her intention to file this suit, by handing to each of them a copy of the same one calendar month before it was filed, and notifying them in writing, through her attorneys, to which term of the court it would be filed.     The petition stated that a copy of the alleged execution

was attached to it as exhibit A, and a copy of the alleged. fore-
closure as exhibit B.    Exhibit B was in the form of an affidavit to
foreclose a laborer's lien, but there was no signature except that of
George L. Smith, J. P., which appeared under the words, " Sworn
to and subscribed before me," etc.    There was an entry on the ex-
ecution, showing a levy by Golden, as constable, on one trunk and
three rugs.    The case was dismissed on motion in the nature of a
general demurrer.

   *R. D. Feagin* and *J. E. Hall*, for plaintiff.    *A. L. Dasher, B. J.
Dasher*, and *Glawson & Fowler*, for defendants.

   LAMAR, J.    The petition was, no doubt, subject to special de-
murrer; for while very full in its statement of injuries inflicted on
the plaintiff, it is extremely meager as to the facts on which the
defendants' liability is based.    Still, it does positively aver that
no affidavit was made, and that the execution was collusively is-
sued for the purpose of exacting costs.    If, therefore, the justice
affixed his signature to the jurat when no affidavit had been made,
and issued an execution when there had in fact been no appeal to
him as a judicial officer, he was not acting judicially, but for his
own purposes.    And even if he had been acting judicially, he may
have been liable for acts done maliciously or for his own benefit
(*Gault* v. *Wallis*, 53 *Ga.* 675 (2); *Calhoun* v. *Little*, 106 *Ga.* 342),
the notice required by the Civil Code, § 4055, having been given
to the justice.    If the constable was a party to an illegal proceed-
ing to issue an execution as a means of exacting costs, partly for
his own benefit, he would of course be liable for trespass and dam-
ages arising from the levy.    *Gunn* v. *Pattishal*, 48 *Ga.* 405.

   While there is elsewhere a conflict of decisions, in Georgia an
affidavit is required to be signed by the affiant.    *Cohen* v. *Manco*,
28 *Ga.* 28.    But if Armstrong did actually appear before the jus-
tice for the foreclosure of his lien, had an affidavit prepared, and
swore to it in fact, but failed to affix his signature, the justice would
not be liable, if by an oversight, or in good faith thinking a signa-
ture unnecessary, he issued the execution.    But the petition here
charges, not only that no affidavit was made, but that the execu-
tion was collusively issued for the purpose of exacting costs; and for
that reason it was error to sustain a demurrer as to Golden, and to
dismiss the petition as to Smith on oral motion.

   *Judgment reversed.    By five Justices.*