## MACON AND BIRMINGHAM RAILWAY COMPANY *v.*
### PARKER, next friend.

1. The declaration as amended stated a cause of action. The objections by special demurrer were, in the main, met by amendment. In such respects as not responded to by amendment, the objections raised by special demurrer were not well founded.
2. Where the facts authorize it, it is proper for the court to charge the principle that, although one may be a trespasser upon the track of a railroad company, the fact that he is a trespasser will not preclude him from recovering damages for an injury received from the operation of the cars of the defendant, if the railroad track was so used by pedestrians as to put the railroad company and its servants operating its trains upon notice of such use and give them reason to anticipate the probable presence of the pedestrian at that particular time and place.
3. In a suit for damages on account of injuries received by the operation of the trains of a railroad company at a point within a city, between two public crossings, but not closer than 250 yards from the nearest crossing, it was not erroneous for the judge to instruct the jury that if there was a failure of the servants of the defendant operating the train to comply with the law with respect to keeping the cars under control and ringing the bell at public crossings, while such failure would not within itself amount to such negligence as to become the basis of a recovery, yet the jury might consider such failure as a circumstance in connection with all of the other evidence in the case, in determining whether or not the railroad company was negligent.
4. Where the presiding judge had charged and emphasized several different times the rule of law in regard to the use of ordinary care by the plaintiff, and the result of failure to so use it, if he did fail, and a little later in the charge gave the rule laid down in the Civil Code, § 2322, in regard

to lessening damages if both parties were at fault, and immediately after this again instructed the jury to look to the evidence and apply "these rules" in determining the question of whether the defendant was liable at all, or not, it will not require a new trial that he did not again add, as a qualification to § 2322 so charged, the rule in regard to the failure of the plaintiff to exercise ordinary care. (ATKINSON, J., dissents.)

4(*a*). (Per ATKINSON, J.) Upon the trial of a damage suit for. personal injuries, where, in other parts of the charge, the court several times charged and emphasized the rule that the plaintiff could not recover if by the exercise of ordinary care he could have avoided the negligence of the defendant which resulted in the injury, it is harmful error to give, without qualification, the following instruction to the jury: "I call your attention, gentlemen, to this section of our code: 'If the complainant and the agents of the company are both at fault, the former may recover, but the damages shall be diminished by the jury in proportion to the amount of default attributable to him.' That, gentlemen, is what is called contributory negligence. In other words, if in this case Jesse Parker was guilty of some negligence, and the employees of the road were also guilty of some negligence, that is, they were both negligent and Jesse Parker was less negligent than the company, the plaintiff may still recover, but the damages should be diminished by the jury in proportion to the amount of default or negligence attributable to Jesse Parker. If both were equally negligent, the plaintiff can not recover. But if both were to blame for the injury and Jesse Parker was less to blame than the company, the plaintiff may, notwithstanding his negligence, recover, but the damages should be diminished by the jury in proportion to the amount of negligence attributable to Jesse Parker."

5. Under the facts in this case, it was not erroneous for the court to refuse a request to give a charge which in effect instructed the jury that if the plaintiff was a trespasser upon the track of the defendant at a place other than a public crossing, the defendant would be under no duty to him until after his presence became known to its servants.

6. The improper remark of counsel, complained of in the 11th ground of the amendment to the motion for new trial, was not sufficient reason for declaring a mistrial. The harmful effect of the remark, if there was such, was obviated by the instructions of the judge.

7. Where, during the progress of the trial, a certified copy of a city ordinance was offered by the plaintiff and properly admitted by the court, and where afterwards, during the progress of the case, the defendant offered evidence which, under the peculiar facts of the case, rendered it a question whether the ordinance had been adopted, and, if so, whether it had been repealed, there was no error on the part of the judge in not then, of his own motion, excluding the certified copy ordinance. And, under the special facts of this case, there was no error injurious to the defendant in submitting the question to the jury.

8. Under the facts of this case, a verdict in favor of the plaintiff, for $7,500 damages, is not excessive.

9. The evidence taken as a whole, though conflicting, was sufficient to support the verdict. There was no error in any ruling, not specially dealt with, sufficient to reverse the judgment of the court below. The trial

judge approved the finding of the jury, and his discretion in refusing to grant a new trial will not be disturbed.

Submitted July 18, 1906.—Decided February 22, 1907.

Action for damages. Before Judge Harwell. City court of LaGrange. November 29, 1905.

The suit was on account of personal injuries sustained by being struck by an engine drawing a train of cars in the city of LaGrange, alleged to have been running down grade and on a curved track, at an unlawful speed of twenty-five or thirty miles an hour, as it approached a street crossing, without giving any signal by bell, whistle, or otherwise. The other facts are sufficiently stated in the opinion for an understanding of the rulings made, except those referred to in the 6th division, viz.: A witness for the plaintiff testified, on cross-examination, that he had never been an engineer or conductor and never had charge of trains, and supposed he did not know as much as they do about the speed of trains. On redirect examination he was asked if he knew "as much about swearing to the speed of trains as they do." On objection the question was withdrawn, but a mistrial was asked for on account of it; and the court, having refused to declare a mistrial, instructed the jury that the question was improper and had nothing to do with the case, and that they were not to consider it in determining the issues.

*Garrard & Garrard, W. C. Neill,* and *Longley & Longley,* for plaintiff in error. *A. H. Thompson* and *J. B. Ridley,* contra.

ATKINSON, J. 1. The original petition as amended clearly states a cause of action. It proceeds upon the theory that although the plaintiff may have been a trespasser in a certain sense, yet if the place at which he was injured was so frequented by the public as a pathway as to give to the defendant and those operating its trains notice and reason to apprehend the probable presence of such pedestrians at such places, the defendant and its servants were under a duty to the plaintiff at that particular place to exercise ordinary and reasonable care to discover his presence and avoid injury to him. Upon this theory, his case was well pleaded. See *Southern Ry. Co.* v. *Chatman,* 124 *Ga.* 1026; *Shaw* v. *Georgia R. Co.,* 127 *Ga.* 8. The declaration did not allege such facts as to show that the injury was the result of his want of ordinary care for his own safety after the negligence of the defendant commenced and became apparent, nor that the injury was caused by

his consent.    The ground of general demurrer, therefore, was not tenable.    The objections to the declaration raised by special demurrer were, in the main, met by appropriate amendment.    Those objections which were not responded to by amendment were not well founded.    There was no error, therefore, in overruling the demurrer upon the special grounds, for any reason assigned.

2. In the 1st, 2nd, 5th, and 12th grounds of the amendment to the motion for new trial exception is taken to certain parts of the charge of the court.    In the cases of *Chatman* and *Shaw*, already referred to, this court dealt exhaustively with the subject upon which the court was then charging.    In those cases it was recognized that there may be such constant use of a railroad track by pedestrians as a pathway as to put the railroad company and its servants engaged in operating its trains upon notice of such use, and that the use may be of such a character as to cause the railroad and its servants operating its trains to anticipate the presence of pedestrians at such a place.    In *Shaw's* case, supra, it was expressly ruled that the questions as to whether there was such use by pedestrians, and whether the use was of such character as to put the defendant and those operating its trains upon notice and require them to anticipate the probable presence of pedestrians at that particular place, were questions of fact for determination by the jury.    It was ruled in both cases that if, as a matter of fact, the circumstances were such as to require the railroad company and its servants to anticipate the presence of pedestrians at such place, although in a certain sense they may be trespassers, it became, as a matter of law, the duty of the company and its servants to exercise ordinary and reasonable care and diligence in the matter of ascertaining the presence of such pedestrians, and likewise in the matter of avoiding injury to them.    Ordinary care, in respect to these matters, would be a question for the jury.    When construed in connection with what has been said, the charge of the court complained of was not open to the criticism made upon it in the grounds of the motion for new trial referred to.

3. The 3rd and 4th grounds of the amendment to the motion for new trial refer to the charge of the court upon the subject of the blow-post law.    The court gave in charge to the jury the substance of the statute in such cases.    The injury occurred in the city of La Grange, between two crossings, and 270 feet from the

nearest crossing. Inasmuch as the injury was not upon the crossing, the court instructed the jury that they could not predicate a finding of negligence upon any failure (if they should find that there was a failure) to observe the blow-post law, but, in the event of their finding such a failure, they could consider it as a circumstance, along with all of the facts in the case, in determining whether or not the defendant was negligent. The charge of the court complained of is in accordance with the rulings made in *Georgia R. Co. v. Williams, 74 Ga. 723; Central R. Co. v. Raiford, 82 Ga. 400;* and *Central R. Co. v. Golden, 93 Ga. 510.*

4. In regard to the 9th ground of the amended motion for a new trial, the views of the majority of the court are as follows: The 9th ground of the amended motion for a new trial complains that the court gave in charge the rule laid down in the Civil Code, §2322, without charging as a qualification thereof that the plaintiff could not recover if by the use of ordinary care he could have avoided the consequences of the negligence of the defendant, and failed to use such care. The court had charged and emphasized again and again (some six or seven times) the rule in regard to ordinary care on the part of the plaintiff. He then afterward charged the rule in the code section above referred to, on the subject of comparative negligence, or, as it is frequently called in this State, "contributory" negligence. After this, he again told them to look to the evidence and apply "these rules" in determining the question of whether the defendant was liable at all or not. We do not think that the jury could have been misled, or any injury could have happened to the defendant from the charge. It might have been well to explain, in charging the section touching comparative or contributory negligence, that the rule of diminishing recovery therein contained does not apply, if, under the rules of law previously given, the plaintiff was not entitled to recover at all. Sometimes complaint has been made that the two rules have been charged near together and in such way as to confuse the jury. It is now complained that they were charged too far apart. An examination of the record and bill of exceptions in the case of *Miller v. Smythe, 95 Ga. 288,* shows that the point made in the bill of exceptions was, that, in actions for damages to personalty, "contributory" negligence not only lessens, but defeats a recovery. At any rate, in the present case, while the trained legal mind

searching for error may find cause of exception, we do not think that the jury could have been misled or confused. It may be also remarked that a plaintiff can not recover, if he himself causes the injury or consents to it, or (as has been held) if both parties are equally at fault. But it might not be quite easy to attach all of these conditions in full to a charge as to reducing damages; and this would not cause a reversal, provided the charge is so shaped as, on the whole, to fully and fairly place the law before the jury.

My own views with regard to the 9th ground of the amendment to the motion for new trial are as follows. In that ground complaint is made of the following charge of the court: "I call your attention, gentlemen, to this section of our code: 'If the complainant and the agents of the company are both at fault, the former may recover, but the damages shall be diminished by the jury in proportion to the amount of default attributable to him.' That, gentlemen, is what is called contributory negligence. In other words, if in this case Jesse Parker was guilty of some negligence, and the employees of the road were also guilty of some negligence, that is, they were both negligent, and Jesse Parker was less negligent than the company, the plaintiff may still recover, but the damages should be diminished by the jury in proportion to the amount of default or negligence attributable to Jesse Parker. If both were equally negligent, the plaintiff can not recover. But if both were to blame for the injury and Jesse Parker was less to blame than the company, the plaintiff may, notwithstanding his negligence, recover, but the damages should be diminished by the jury in proportion to the amount of negligence attributable to Jesse Parker." The criticism upon that charge by counsel for the railroad company was as follows: "Said charge did not correctly give to the jury the doctrine of contributory negligence. It was contradictory, confusing, and misleading. It naturally left the jury under the impression, coming as it did at the conclusion of the charge on the question of negligence, the most material feature of the case, that the plaintiff, Jesse Parker, could recover damages even though he might have avoided the injury by the exercise of due care and diligence on his part. This was error, and defendant assigns the same as error. Said charge of the court naturally left the jury under the impression, coming as it did at

the conclusion of the charge on the question of negligence (the most material feature of the case) that the plaintiff, Jesse Parker, could recover damages, even though he failed to exercise ordinary care and diligence to avoid the consequences of the defendant's negligence. Said charge is illegal as it stands; the proper and legal manner being that a proviso should have been added thereto that the plaintiff could not recover in any event if, by the exercise of ordinary care and diligence on his part, he could have avoided the consequences to himself of defendant's negligence, if defendant was negligent. Said charge qualified the former charge in regard to the avoidance of the accident by the use of due care and diligence on the part of the plaintiff, and, being thus given without proper explanation, deprived the defendant of the benefit of one of its main defenses to this suit." It will be observed that this charge entirely omits any reference whatever to the principle that if, by the exercise of ordinary care, the plaintiff could have avoided the injury to himself resulting from the defendant's negligence, he would not be entitled to recover. The omission was under such circumstances as may have had the effect of elimination altogether. It is true that in previous portions of the charge the court time and again charged the principle alluded to above, but not in any instance intimating that the principle was to operate as a qualification of what afterwards should follow, to wit, that which is expressed in the excerpt quoted above. Nor was the principle above mentioned charged or alluded to after the deliverance of that part of the charge quoted in the excerpt. It is contended that the antecedent repetition in the charge, of the principle alluded to, rendered the omission thereof from the charge quoted in the excerpt harmless, because an intelligent jury could not have misunderstood the court and would be bound to know in any event that if the plaintiff, by failure to exercise ordinary care for his own protection, after the negligence of the defendant became apparent, could have avoided the injury, he could not recover. It is not apparent that the frequent repetition was bound to have that effect. To properly construe the court's charge, we should bear in mind the subject with which the court was attempting to deal. It was an attempt to deal with §2322 of the code as a whole. That section purports to be exhaustive. After reading that section from the code the court then proceeded to apply it to the case, and the court's

application purported to be exhaustive, and to leave no place for the application of anything else, and especially not for the principle to which allusion has already been made. The court in applying the law uses the express and unqualified language, "if both were equally negligent, the plaintiff can not recover. But if both were to blame for the injury and Jesse Parker was less to blame than the company, the plaintiff may, notwithstanding his negligence, recover, but the damages should be diminished by the jury in proportion to the amount of negligence attributable to Jesse Parker." This language does not come from the code, and it is not a correct statement of the law with reference to the rights of the defendant. The language, "But if both were to blame for the injury and Jesse Parker was less to blame than the company, the plaintiff may, notwithstanding his negligence, recover, but the damages should be diminished by the jury in proportion to the amount of negligence attributable to Jesse Parker," is not a correct statement of the law from the defendant's standpoint, because it may happen that both may be to blame and the plaintiff's blame may be less than that of the defendant, yet the blame attributable to the plaintiff, though less than that of the defendant, may be such as to show a want of ordinary care upon his part. If such be true, he ought not to recover; but the language of the charge makes it possible for him to recover even under those circumstances. This incorrect statement of the law, given as the court's interpretation of the section of the code above referred to, being apparently exhaustive of the court's direction on this particular point, was harmful to the defendant, under the contentions made by the pleadings and the evidence. It was sharply contended by both parties that the negligence of the other was the cause of the injury. It was contended by the plaintiff that he was in the exercise of ordinary care and diligence, and contended by the defendant that the plaintiff's want of ordinary care was the cause of the injury. Owing to the apparent exhaustive character of the charge on this point, without any intimation of the rule that a want of ordinary care on the part of the plaintiff would prevent a recovery, the harmfulness of the error was not removed by the instruction in other parts of the charge, to the effect that the plaintiff could not recover, if, by the exercise of ordinary care, he could have avoided the injury. Especially is this true where, as in this in-

stance, the court did not refer to the other portions of his charge so the jury would understand that what he was charging was subject to the qualification. It is the duty of the jury to give effect to the whole charge. They are supposed to believe that all that the court charges is the law. They are not, as in matters of fact, skilled in working out apparent conflicts in the charge of the court or in tracing out fine points of qualification. If, during the progress of the charge, the court gives instructions opposed to each other and one is incorrect, it would not be within the province of the jury to say which was correct, and, after determining for themselves the one which was correct, to proceed with its application in finding their verdict. When the way is left open by the court for such a course by the jury, it is to be treated as erroneous, and, if upon a material and vital matter, as harmful error. After verdict by the jury it is impossible for the court ever to know upon which instruction of the court the jury acted. If, as in this case, the incorrect instruction be embraced in a particular part of the charge purporting to be exhaustive upon a particular point vital to the plaintiff's case, and without intimation that there may be a qualification, the jury may believe that no qualification was intended as applicable to that particular point, and on that account may not give to the defendant the benefit of the defense which is provided for by law. Because of this error, a new trial ought to have been granted. See, in this connection, *Miller* v. *Smythe,* 95 *Ga.* 288 (3); *Americus R. Co.* v. *Luckie,* 87 *Ga.* 6; *Savannah R. Co.* v. *Hatcher,* 118 *Ga.* 273.

5. The 10th ground of the amendment to the motion for new trial complains of a ruling of the court in refusing a request to give in charge to the jury the following: "If you should believe from the evidence that the officers and agents in charge of the train on this occasion failed to give the signals provided by law, and that the train was running at a high rate of speed, and at a speed prohibited by the municipal ordinance of La Grange, and that Jesse Parker was on the track at a point other than a crossing, and walking on the track, and that, after discovering him on the track, the agents in charge of the train exercised ordinary and reasonable care and diligence to avoid injuring him, then the plaintiff in this case would not be entitled to recover." There was no error in refusing to so instruct the jury. The request was not so quali-

fied as to bring it within the ruling made in *Shaw's* case, supra. It was an attempt to take from the consideration of the jury the character of the place at which the injury occurred, the frequency of its use by pedestrians as a pathway, and the question of whether the defendant and its servants had reason to anticipate the presence of pedestrians on the track. Its effect was to instruct the jury that regardless of the character of the place in respect to the matters just referred to, the defendant was not under any duty to the plaintiff until after he was discovered on the track.

6. The 11th ground of the amendment to the motion for new trial complains of a refusal of the court to grant a mistrial because of an improper remark of counsel for the plaintiff made during the progress of the examination of the witnesses. Under the rulings in the cases of *Southern Ry. Co.* v. *Brown,* 126 *Ga.* 1, and *Long* v. *State,* ante, 350, the harmful effect of the remark, if there was such, was obviated by the instructions of the judge wherein he informed the jury that it had nothing to do with the case, and that they must not consider it in determining the issues involved.

7. The 13th ground of the amendment to the motion for new trial recited as follows: "Plaintiff's counsel offered in evidence a certified copy, from the minutes of the mayor and council of the City of La Grange, of what purported to be an ordinance of said city, bearing date April 3, 1901. Defendant objected in the following language: 'We object to that paper. We have a printed code of the city, adopted, and which repeals all other ordinances not contained therein. This book contains all the ordinances of the city except such as have been adopted since then.' Defendant's counsel then read to the court the adopting ordinance, dated August 15, 1902, as follows: 'An ordinance to approve, adopt, and make of force the code of laws and ordinances prepared under the direction and authority of the mayor and council of the City of La Grange, and for other purposes. §1. Be it ordained by the mayor and council of the City of La Grange, that the code of laws and ordinances prepared under their authority and direction by Harwell and Lovejoy, attorneys, and examined, revised, and identified by a committee appointed for that purpose by the mayor and council, and recommended and reported for adoption, be and the same is hereby adopted and made of force as the code of the laws of the City of La Grange to go into effect at once. § 1. Be

it further ordained that all ordinances and parts of ordinances in conflict with this ordinance be and the same are hereby repealed.' The court admitted the certified copy of ordinance offered by plaintiff over the above objection of the applicant. The above occurred when the plaintiff was introducing its testimony. This is assigned as error. During the progress of the case, some time afterward, when the defendant was offering its testimony, the defendant introduced the minutes of the city council of La Grange wherein said purported ordinance appeared, marked out in the following manner. There had been lines on the minutes of said council, marking out the said ordinance, being §1, leaving the balance of said ordinance in relation to obstructing streets and sidewalks at crossings by cars in the same condition it was recorded. At this time defendant tendered the code of laws of the city, when plaintiff admitted that the ordinance introduced by plaintiff did not appear in the printed code of ordinances of the city. No motion was made at this time to rule out the ordinance offered by plaintiff, and no objection made thereto by defendant other than that already stated. In his charge to the jury the court submitted to them the question whether or not said pretended ordinance was an ordinance of force and subsisting in the City of La Grange as a valid ordinance at the time Jesse Parker was injured. This was error: 1st, because it was a question for the court to pass on as a matter of law; 2d, it not appearing in the printed code of ordinances subsequently adopted, as an ordinance of said city, did not exist as such; 3d, the minute book of council shows that said pretended ordinance was marked out on the minutes as shown above, and had been stricken therefrom. The court erred in not excluding the same from the consideration of the jury, and error is assigned thereon."

We do not think the grounds of exception are well taken. The certified copy was properly admitted in the first instance. The printed code or compilation of municipal laws, with the adopting ordinance, which were referred to in connection with the objection to the admission of this evidence, if considered as having been duly introduced before the presiding judge as a preliminary matter in connection with the objection, did not in terms repeal the ordinance of which a certified copy was offered. The adopting ordinance purported to do only two things: first, to adopt the code

31

of laws prepared by certain attorneys, and, second, to repeal ordinances conflicting therewith. Nothing is shown to indicate that the ordinance offered was in conflict with anything in the printed code, nor was the repealing ordinance more general in its scope than as just indicated. At a later stage of the trial, the evidence offered on behalf of the defendants could certainly have no greater force than to tend to show that the ordinance, a certified copy of which had previously been admitted in evidence, was not of force. It is not the usual or regular mode of repealing an ordinance merely to run lines through it on the record book, and it might well be doubted whether this alone could serve to show a repeal, or to disprove the existence and force of the ordinance. But in view of the fact that this ordinance so appeared upon the minute book, with the erasing lines drawn across it, and that it did not appear in the printed code, the presiding judge submitted the question to the jury whether it had been of force, and, if so, whether it had been repealed. This could certainly have done no injury to the defendant. If the defendant had produced an ordinance directly repealing this one, it would have been a question of law for the court. As nothing more than an effort to disprove the existence and vitality of the ordinance was made, the court did no injustice to the defendant in leaving the question to the jury.

8. The 14th ground of the amendment to the motion for new trial complains of the ruling of the court in refusing to set aside the verdict upon the ground that it was excessive. Upon a careful consideration of the evidence we are not prepared to hold that the judge abused his discretion in refusing to set the verdict aside upon that ground. There was evidence which would have authorized the jury in finding that the boy was a youth 14 years of age, of good health and robust physical condition, that his earning capacity was $1 per day, with the prospect of increased earning capacity; that both legs were mangled and mashed about the knees so that amputation was necessary and actually performed, and that he was otherwise injured; and that his pain and suffering were very great. The jury were properly instructed by the court and charged with the proper consideration of all of the attendant circumstances. Among other things, they were instructed to consider whether or not the plaintiff himself was negligent, and, if so, whether his negligence contributed in any degree to the injury,

and directed that any negligence upon his part which was consistent with a recovery of anything whatever by the plaintiff should go to decrease any damages which otherwise he might be entitled to recover.　The jury, under those conditions, found for the plaintiff $7,500, and the trial court was satisfied.with that finding.

· 9. The 6th and 15th grounds of the amendment to the motion for new trial are mere amplifications of the general grounds.　The evidence taken as a whole, though conflicting, was sufficient to support the verdict.　The 7th and 8th grounds of the amendment to the motion for new trial complained of certain charges of the court.　The criticisms we do not regard as well founded when considered in connection with the entire charge, and we do not deem it necessary to make further reference to them.　The trial judge approved the verdict of the jury, and we see no reason to control his discretion in refusing to grant a new trial.

*Judgment affirmed.　All the Justices concur, except Fish, C. J., absent, and Atkinson, J., who dissents.*