## ATLANTA ICE & COAL COMPANY *v.* REEVES.

1. One is liable in an action for malicious abuse of civil process who fraudulently procures a judgment upon a spurious claim, causes a fi. fa. to issue thereon, and directs the seizure of the plaintiff's property by a levying officer, which is averted only by the payment of the fraudulent judgment by the plaintiff's wife during his absence.
2. Allegations respecting the manner in which a judgment was fraudulently obtained, and the manner in which the payment of the same was exacted, are not irrelevant in a suit of the character described in the preceding headnote.
3. Where a corporation is sought to be made liable in a tort action for the conduct of its agent, an allegation that such agent was "the agent in charge of" the office of the corporation sufficiently identifies the agent upon whose conduct the plaintiff in part bases his right to recover.

MAY 11, 1911.

Action for damages. Before Judge Bell. Fulton superior court. April 21, 1910.

The suit was by W. F. Reeves against the Atlanta Ice and Coal Company. The exception is to the overruling of general and special demurrers. In substance the plaintiff alleged, that in July, 1909, he was served with a copy of a summons issued by the N. P. & Ex-Officio J. P. of the 1026th District, G. M., Fulton county,

Georgia, in a suit instituted by the defendant against the plaintiff on an account for one dollar. Upon service of the suit the plaintiff's wife, at his request, took the copy of the suit and went to the office of the defendant and exhibited it to the agent in charge of the office, and informed him that there was evidently a mistake, as the plaintiff was not indebted in any manner to the defendant, and had never had an account with it. The agent of the defendant inspected the copy of the suit and assured the plaintiff's wife that it was a mistake, that the plaintiff was not indebted in any manner to the defendant, and that he would stop the suit, and that the plaintiff need not appear at the court to make defense. The copy of the suit was retained by the agent. Relying upon these statements the plaintiff made no defense. Notwithstanding the assurances of the agent of the defendant that judgment would not be taken against him, judgment was entered up and fi. fa. issued thereon. On December 10, 1909, the constable levied upon the household goods of the plaintiff, and was preparing to remove the goods. The plaintiff was away from home at the time, and his wife informed the constable of the foregoing facts and requested him to wait and speak to the defendant's agent or allow time for the plaintiff's wife to call him up over the telephone to speak to him about it. The constable refused all of these requests, and was proceeding to remove the goods, when the plaintiff's wife, in order to prevent such removal, paid him the amount of the fi. fa. and the costs, to wit, $5.45. The constable was acting under the direction and instruction of the defendant. It is alleged that the constable carried with him a dray when he went to execute the levy, and that the plaintiff's neighbors saw the constable go to his house with the dray, and knew that it was his purpose to levy and carry away the household goods of the plaintiff, which conduct of the constable caused him much humiliation, anxiety, and mental suffering, by being placed in a false light before his neighbors. He denied that he was indebted to the defendant in any sum, and further alleged that "The acts of defendant in instituting the suit against petitioner, and in misleading petitioner, and in leading petitioner to believe that said suit would be dismissed and discontinued, and in wilfully and fraudulently carrying on said suit to judgment after having represented that said suit would be discontinued, and in causing execution to be issued on said suit, and in causing the

constable to go to petitioner's house with a dray to levy on and carry away petitioner's household goods, were done maliciously and with the purpose of injuring and damaging petitioner, and that there were aggravating circumstances accompanying both the acts and intentions of said defendant in said matter." The prayer was to recover actual and punitive damages.

*Payne, Little & Jones,* for plaintiff in error.

*Moore & Branch,* contra.

EVANS, P. J. (After stating the facts.) The wrong of which the plaintiff complains is the malicious abuse of civil process. The substance of the complaint is that the defendant fraudulently procured a judgment upon a spurious claim against the plaintiff, which judgment was maliciously and oppressively enforced by directing the seizure of the plaintiff's property, which was averted only by the payment of the fraudulent judgment by the plaintiff's wife during his absence. If civil process is unlawfully made use of for a purpose not justified by the law, this is an abuse for which an action will lie. *Hathaway* v. *Smith,* 117 *Ga.* 946 (43 S. E. 984); *King* v. *Yarbray,* 136 *Ga.* 212 (71 S. E. 131); Barnett *v.* Reid, 51 Pa. 190 (88 Am. D. 574); *Juchter* v. *Boehm,* 67 *Ga.* 534. The general demurrer was properly overruled.

There were many alleged grounds of special demurrer, most of which attacked certain allegations as immaterial. The narrative of facts upon which the plaintiff predicated his right to recover included the circumstances under which the fraudulent judgment was obtained, and its oppressive enforcement by the defendant. These allegations were neither irrelevant nor immaterial. The special demurrer which called for the name of the agent of the defendant who is alleged to have given the assurance that the suit would be dismissed was properly overruled. Where a corporation is sued for the tortious acts of its agents or servants, it is entitled to such notice as will serve to identify the person in connection with the transaction out of which the cause of action arises. This does not mean that the name of such agent must be given, or the particular designation of his official relation with the company, if the allegations sufficiently show the person intended. The defendant is a domestic corporation, sued in the county of its residence, and is informed that the agent alleged to have given assurance of the dismissal of the suit was that one in charge of its

office. This sufficiently identifies the person referred to. *Riley* v. *W. & T. R. Co.,* 133 *Ga.* 413 (65 S. E. 890, 24 L. R. A. (N. S.) 379). No ground of the special demurrer was meritorious.

*Judgment affirmed. All the Justices concur.*