## 10092. PALMER v. THE STATE.

1. If the names of but two witnesses appear on an indictment, it will be presumed, in the absence of evidence to the contrary, that the charge therein is founded solely upon their testimony. If on demand for "a list of witnesses" the accused is furnished a list containing the names of the witnesses sworn before the grand jury, with the names of additional witnesses, he is not entitled to a continuance on the ground of surprise because some of the names were not on the indictment.

2. There was no error, in the circumstances, in not declaring a mistrial because of statements in the arguments of counsel for the prosecution.

DECIDED NOVEMBER 16, 1918.

Indictment for fornication; from Decatur superior court—Judge Harrell. August 17, 1918.

*W. V. Custer,* for plaintiff in error.

*R. C. Bell, solicitor-general, M. E. O'Neal, F. A. Hooper,* contra.

BLOODWORTH, J. 1. The constitution of the State of Georgia provides: "Every person charged with an offense against the laws of this State shall be furnished, on demand, previously to his

arraignment, with a copy of the accusation, and a list of the wit-ṅesses on whose testimony the charge against him is founded." Art. 1, sec. 7, par. 5 (Civil Code of 1910, § 6360; Penal, Code, §§ 8, 970. From this it will be seen that when a person is charged in this State with a violation of a criminal law, and demands a list of the witnesses, he is entitled to a list of those only "*on whose testimony the charge against him is founded.*" The 2d headnote in *Keener* v. *State,* 18 *Ga.* 194 (63 Am. D. 269), is as follows: "A defendant in a criminal case is entitled only to a list of the witnesses sworn before the grand jury." See also *Inman* v. *State,* 72 *Ga.* 269 (1). When the names of two witnesses only appear on an indictment, it will be presumed, in the absence of proof to the contrary, that the charge against the defendant is founded alone upon their evidence. We do not think a defendant who has "demanded a list of witnesses," and is furnished one which contains the names of more witnesses than appeared before the grand jury, is entitled to a continuance on the ground of "surprise." "The record shows that the accused was furnished with the list of witnesses which he was entitled to demand. The solicitor-general was under no obligation to disclose to him other wit-ṅesses whom he might see fit to call during the progress of the trial." *Echols* v. *State,* 101 *Ga.* 532 (29 S. E. 14).

2. Twice during the progress of the trial did the accused ask the court to declare a mistrial,—first, "because during the argument of M. E. O'Neal, Esq., of counsel for the State, counsel made the following statement to the jury, to wit: 'It is not too late for Mr. Custer (referring to movant's counsel) to plead guilty for the defendant.'" When this motion was made the court said: "I will instruct the jury that they will not regard the statement made by counsel to the effect that it was not too late for counsel for the defendant to plead guilty for his client; the jury will not let that statement influence them in the consideration of the case at all. I overrule your motion to declare a mistrial." Second, "because during the concluding argument, the honorable solicitor-general made the following statement to the jury, to wit: 'that by reason of this illicit intercourse a child was born, of which, as the State contends, the defendant was the father.'" The statement of counsel on which the first motion was based was a statement of a well-settled legal proposition, and was not manifestly improper and

prejudicial to the cause of the accused, especially under the instructions given the jury by the court. *Macon &c. Ry. Co.* v. *Parker,* 127 *Ga.* 471 (6), 480 (56 S. E. 616). The original statement of the solicitor-general, of which complaint is made, is based upon evidence in the record. Neither this nor what was stated by Mr. Bell, the solicitor-general, as his recollection of what he said, would justify the court in declaring a mistrial. No new fact was introduced. "It is not impassioned oratory which the law condemns and discredits in the advocate, but it is the introduction of facts not disclosed by the evidence, which requires the judge to use his power of declaring a mistrial." *Western & Atlantic R. Co.* v. *York,* 128 *Ga.* 689 (58 S. E. 184); *Ellis* v. *State,* 124 *Ga.* 91 (1), 93 (52 S. E. 147); *Patterson* v. *State,* 124 *Ga.* 408 (1), 409 (52 S. E. 534); *Taylor* v. *State,* 121 *Ga.* 354 (7), (49 S. E. 303). The statement by the solicitor-general as repeated by Mr. Custer, of counsel for the defendant, as follows, "You also stated, as to what would be the effect of a verdict by this jury, that a verdict by this jury would be to identify Will Palmer as the father of the child," was expressly withdrawn by the solicitor-general, and the jury were instructed by the court not to consider the statement. If it was error for the solicitor-general so to make the statement quoted by Mr. Custer, this was cured by the action of the solicitor and the judge. See *Goodman* v. *State,* 122 *Ga.* 111 (3), 118 (49 S. E. 922).

*Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*