## 27256. POLLARD, receiver, *v.* HOLLAND.

DECIDED FEBRUARY 2, 1939.

*A. S. Bradley,* for plaintiff in error.

*Carlton & Lane,* contra.

GUERRY, J. The petition alleged that defendant is engaged in the business of operating a railroad, a part of which business is the transporting of mail for the United States government, for the profit of the defendant; that its mail cars, which are a part of its passenger trains, have a mail slot on the side in which mail may be placed and carried to its appointed destination; that on a named day about three o'clock in the afternoon defendant's southbound passenger train was standing for a brief while at its station in Millen, Georgia, and that plaintiff approached said train for the purpose of mailing certain mail on it; that there is a track on the north side of the depot at which the train was standing, which it was necessary for plaintiff and the public to cross in order to reach the train standing at the depot on the main track; that at the time plaintiff approached said depot and passenger train there was a section of freight cars propelled by an engine and crew of the defendant which was moved up and stopped on said track on the north side of the depot, thereby blocking plaintiff from crossing on the immediate walkway to said depot; that plaintiff, fearing said passenger train would leave before she could mail her letters, started across said track just above the depot on the east side where the freight cars did not extend and where there was an opening; that the place across which petitioner crossed said track is commonly used by the general public because of its immediate proximity to said depot, without restraint by defendant or its employees; that just above said depot, on the east side and on the north track, are a switch and another track joining onto said north track; that at the time plaintiff started across said track, immediately above said switch, two employees of defendant were standing by the switch, and both of them saw plaintiff approach and start to cross the track, and as plaintiff placed her foot on one of the rails in order not to stumble on it one of the employees, with full knowledge of her presence and position, wilfully and wantonly threw the switch moving the rail, throwing plaintiff off her balance and caused her to fall and sustain certain described injuries; that the negligence of the employees of defendant in rendering the approach to said depot unsafe and in maliciously and wantonly throwing said switch was the proximate cause of the plaintiff's injuries.

Defendant filed a general demurrer claiming that the petition showed on its face that the injuries sustained were due to plaintiff's own negligent conduct in attempting to cross the "switch-yards" of the defendant at the time and place set forth in the petition, and also that the allegations made did not constitute malicious and wanton conduct. The case is before this court on the order overruling the defendant's demurrers.

The petition, construed most strongly against the pleader, shows that the plaintiff started on defendant's property as an invitee. She was attempting to mail certain items on defendant's train at the depot. She alleged that the defendant moved certain freight cars across the regular crossing in approaching said depot, and that this act caused her, in order to get to the passenger train upon which she wished to mail her letters, to cross the tracks at a place just above the depot, "which place was commonly used by the general public because of its proximity to the depot, without restraint by defendant or its employees." The defendant contends by its demurrer that the acts of the plaintiff constituted negligence such as should bar a recovery. It alleges in its brief and by its demurrer that this place so used by the plaintiff on this occasion was a "switch-yard," and that there can be no implied license to the public to use switch-yards. The cases of *Georgia R. Co.* v. *Fuller*, 6 *Ga. App.* 454 (65 S. E. 313), *Grady* v. *Ga. R. Co.*, 112 *Ga.* 668 (37 S. E. 861), and *Waldrep* v. *Georgia R. Co.*, 7 *Ga. App.* 342 (66 S. E. 1030), and others are cited in support of this contention. As was said in *Wright* v. *Atlantic Coast Line R. Co.*, 18 *Ga. App.* 439 (89 S. E. 595), this doctrine is limited to "switch-yards in fact; switch-yards interlaced with tracks, used constantly for the storing and switching of cars; switch-yards where danger signals are manifest and speaking. As to these the companies have the right to the exclusive use, and the public are affirmatively warned to keep out." We fail to see that the allegations of this petition, construed most strongly against the plaintiff are sufficient to make this rule applicable here. The petition alleged that the place where plaintiff attempted to cross, because the regular walkway was blocked by defendant's freight cars, "is commonly used by the general public, because of its immediate proximity to the depot." We can not hold that one track and switch in immediate proximity to a depot used by the general public constitutes a switch-yard as

defined by the decisions cited above. This was a question for the jury. *Wright* v. *Southern Ry. Co.,* 139 *Ga.* 448, 450 (77 S. E. 384). Neither are we willing to rule that as a matter of law wanton negligence is not charged. Under the facts alleged, this becomes a jury question. The court did not err in overruling the demurrers.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*