28772.   POLLARD, receiver, *v.* HOLLAND.

Decided March 13, 1941.

*Dekle & Dekle, A. S. Bradley,* for plaintiff in error.
*Milton A. Carlton,* contra.

SUTTON, J.   ■   The inference that a railroad company has impliedly invited or impliedly licensed the public to pass across its tracks can not be raised as to a switch-yard, "because such an inference is so inconsistent with the continuous use of its tracks for switching purposes as not to admit of the presumption that there is an invitation or permission granted by the railroad to the public." *Waldrep* v. *Georgia Railroad &c. Co.,* 7 *Ga. App.* 342, 344 (66 S. E. 1030).  See *Georgia Railroad & Banking Co.* v. *Fuller,* 6 *Ga. App.* 454 (65 S. E. 313) ; *Williams* v. *Southern Railway Co.,* 11 *Ga. App.* 305, 313 (2) (75 S. E. 572) ; *Wright* v. *Atlantic Coast Line R. Co.,* 18 *Ga. App.* 439, 441 (89 S. E. 595) ; *Groves* v. *Southern Railway Co.,* 61 *Ga. App.* 651 (7 S. E. 2d, 208) ; *Grady* v. *Ga. R. Co.,* 112 *Ga.* 668 (37 S. E. 861).

■   While, as stated by this court in *Pollard* v. *Holland,* 59 *Ga. App.* 427, 429 (1 S. E. 2d, 73), in ruling on the demurrer to the petition in the present case, "We can not hold that one track and switch in immediate proximity to a depot used by the general public constitutes a switch-yard as defined by" the decisions cited in

the opinion, and that under the allegations that "the place where plaintiff attempted to cross, because the regular walkway was blocked by defendant's freight cars, 'is commonly used by the general public, because of its immediate proximity to the depot,'" it was a jury question as to whether or not the plaintiff, in attempting to cross the track for the purpose of depositing mail in one of the cars of the defendant's passenger-train temporarily at rest at the depot, was using a *switch-yard* of the defendant, still, under the evidence introduced on the trial of the case, a finding was demanded as a matter of law that the plaintiff at the time of her injury was attempting to cross a switch-yard of the defendant, in which there was not merely one track and one switch but six tracks and a switch, all of which were constantly used by the defendant in switching movements and in placing cars for unloading purposes. Accordingly, the plaintiff was not an implied invitee, but was only a trespasser to whom the only duty owed by the defendant railroad company was not to wilfully and wantonly injure her after her presence became known; and the charge of the court, on which error is assigned in grounds 4 and 5 of the motion for new trial, as to the duty of the railroad company towards an invitee, was error, in that it presented an issue not made by the evidence and tended to confuse and mislead the jury to believe that a verdict in favor of the plaintiff would be authorized where the defendant failed to exercise ordinary care towards the plaintiff, even though they did not find that the act of the defendant's servants, in throwing a switch as the plaintiff placed her foot upon a rail operated by it, as testified to by the plaintiff, was with a wilful and wanton intention to injure her.

*Judgment reversed. Felton, J., concurs.*

STEPHENS, P. J., dissenting. While the court charged the jury with reference to what constitutes an invitee, and the duties owing by the railroad thereto, to the effect that the railroad owed an invitee the duty to exercise ordinary care and diligence not to injure him, the court expressly limited the plaintiff's right to recover to wanton and wilful conduct on the part of the defendant, and thereby confined the plaintiff to a right to recover only as a trespasser, and excluded any right in the plaintiff to recover as an invitee or licensee, or on a status other than that of a trespasser. The court charged the jury as follows: "I charge you that if the

plaintiff does not carry the burden of proving that the act was wantonly and wilfully inflicted, by the evidence in the case, and that the defendant injured or caused her to be injured by the wanton or wilful act on their part, that is to say, no act that was merely negligent but one which was so lacking in restraint, careless, reckless, and malicious and proceeded from a conscious intent to cause the injury, she would not be entitled to recover."

Although it may have appeared conclusively from the evidence that the plaintiff was a trespasser, and the railroad company owed her no duty except not to wilfully and wantonly injure her after her presence became known to its servants whose alleged act caused the injury, the charge excepted to, with reference to the plaintiff's being an invitee and the duty owing to an invitee by the defendant, if error, was harmless to the defendant. The evidence of the plaintiff was sufficient to authorize a finding that she was injured by an intentional and wilful act of the servants of the defendant, in throwing the switch with knowledge that the plaintiff's foot was upon the rail which moved when the switch was thrown and caused her to fall. I see no error in the other assignments of error. I am of the opinion that the evidence supported the verdict for the plaintiff, and that no error appears.