29041.  SOUTHERN RAILWAY COMPANY *v.* PERKINS.

DECIDED OCTOBER 18, 1941.

*Neely, Marshall & Greene, W. Neal Baird,* for plaintiff in error.
*J. C. Bowden, A. G. Smith,* contra.

SUTTON, J. ■ Paragraph 6 of the petition, after amendment, was not subject to the ground of special demurrer, numbered 3, that it did not make clear whether the plaintiff meant to charge actual or constructive knowledge on the part of the "trainmen, employees, servants, and agents" of the defendant as to the presence of the plaintiff at the place alleged. It was plainly alleged that they "saw said children, including the plaintiff."

The special ground of demurrer, numbered 4, attacking paragraph 8 as irrelevant and immaterial and constituting a conclusion

of the pleader without supporting facts to show "wilful and gross negligence," is without merit. It is elsewhere alleged in the petition that the plaintiff and other children were in full view of the trainmen and that there was nothing to obstruct their view, and in paragraph 8 it was alleged that the plaintiff was "deliberately" run over, paragraph 6 having alleged that the trainmen "saw said children, including the plaintiff."

The ground of objection in the special demurrer numbered 5, that paragraph 9 of the petition states a conclusion with respect to the knowledge and consent of the defendant, is without merit.

In paragraph 9 it was alleged that the plaintiff and other children had previously been gathering coal at the place where the plaintiff was run over, as alleged, with the knowledge and consent of the employees and agents of the defendant, and this was known to and consented to by the defendant, the consent to gather said coal as alleged having been given by employees of defendant whose name or names are not known to the plaintiff but are well known to the defendant. This paragraph was attacked by special demurrer, ground number 6, as being too general, vague, and indefinite, it not being set out how or in what manner and by whom the alleged consent was given by the defendant to the plaintiff to be in its switch-yard. While the names of the persons authorized to give such consent need not be set out when the one to whom the consent is given does not know the names, it is necessary that such persons be sufficiently described or identified. *Atlanta Ice & Coal Co.* v. *Reeves,* 136 *Ga.* 294, 296 (71 S. E. 421, 36 L. R. A. (N. S.) 1112). See also *Riley* v. *W. & T. Railroad Co.,* 133 *Ga.* 413 (65 S. E. 890, 24 L. R. A. (N. S.) 379, 18 Ann. Cas. 208). The plaintiff was only nine years of age at the time of his injury, and, while such a person can not be held to the standard of an adult, he should be required to do as much as furnish some description or identification of the person or persons alleged to have given him consent to pick up coal in the switch-yard of the defendant. Direction is given, however, that the plaintiff be permitted to amend by setting out a description or identification of the person or persons from whom the alleged consent was obtained, upon failure to do which the allegations as to consent of the defendant be stricken.

In paragraph 10 of the petition it was alleged that the plaintiff was at a place where he had been permitted before to be by the

"agents, workmen, employees, trainmen, and servants of the defendant." A special ground of demurrer, numbered 7, attacks the allegations as being too general, vague, and indefinite in that it is not made to appear how or in what way permission had been granted or by what authority. These allegations do not deal with any express consent or invitation. Construed in connection with the preceding allegation of the petition that the plaintiff and other children had previously been gathering coal at the place where the plaintiff was injured, its purport is only to the effect that the plaintiff's presence had not been objected to and should have been anticipated. The allegations are not subject to the objection urged.

A special ground of demurrer, numbered 8, attacks the allegations of negligence in subparagraph (f) of the petition as being irrelevant and immaterial and not constituting a proper allegation of negligence, for the reason that the plaintiff was not at or near a crossing. The petition shows that, although the plaintiff was not at a crossing but one hundred yards therefrom, the train was approaching the crossing in a populous city and was violating a city ordinance in running at thirty-five miles an hour, and that the speed of the train was not checked when it reached a point about one hundred yards therefrom and at which the plaintiff was gathering coal. The alleged facts are material on the question of other alleged acts of negligence. *Macon & Birmingham Railway Co.* v. *Parker,* 127 *Ga.* 471 (3) (56 S. E. 616). This ground of special demurrer is without merit.

A special ground of demurrer, numbered 9, attacks subparagraph (g) of the petition upon the ground that it is too general, vague, and indefinite, it not appearing therein by whom or by what authority permission was granted the children to pick up coal in the switch-yard. This paragraph does not purport to deal with any express consent or invitation, but goes to the question of anticipation of the plaintiff's presence under the facts already alleged, and charges the defendant with negligence in failing to exercise ordinary care and diligence for his safety in running the train in the manner theretofore alleged. This ground of demurrer is without merit.

Subparagraph (h) of the petition charges the defendant with negligence in running its train at an excessive rate of speed to the point where the plaintiff was injured when "it saw the plaintiff and

the other children or by the exercise of due care and diligence should have seen them." Special ground of demurrer, numbered 10, attacks the allegations as being too general, vague, and indefinite, in that it is not made to appear whether the plaintiff charges actual or constructive knowledge of the presence of the plaintiff. This ground is well taken, and the court erred in not sustaining it and striking the particular allegations objected to.

■ Unless the petition is amended to show express consent from an authorized agent of the defendant for the plaintiff to be in its switch-yard he could not be said to have been an invitee or licensee at the time of his injury. "The inference that a railroad company has impliedly invited or impliedly licensed the public to pass across its tracks can not be raised as to a switch-yard, 'because such an inference is so inconsistent with the continuous use of its tracks for switching purposes as not to admit of the presumption that there is an invitation or permission granted by the railroad to the public.'" *Pollard* v. *Holland,* 64 *Ga. App.* 487 (13 S. E. 2d, 682), and cit. If the petition is amended in the respect mentioned, the defendant would be under the duty of exercising towards the plaintiff as an invitee ordinary care and diligence, and under the allegations of negligence in the present case a cause of action would be set forth.

In the absence of sufficient allegations showing express consent from an authorized agent of the defendant, the petition must be tested, against the general demurrer, by the application of the law as to the duty of a railroad towards a trespasser on its tracks. "Ordinarily the only duty owing by a railway company to a trespasser upon or about its property is not to wantonly or wilfully injure him after his presence has been discovered." *Hammontree* v. *Southern Railway Co.,* 45 *Ga. App.* 728 (165 S. E. 913) ; *Young* v. *South Georgia Railway Co.,* 34 *Ga. App.* 537 (130 S. E. 542) ; *Ashworth* v. *Southern Ry. Co.,* 116 *Ga.* 635 (43 S. E. 36, 59 L. R. A. 592). "The mere fact that the public may have been accustomed to travel on foot along a certain portion of the right of way of a railway company, and that no measures have been taken to prevent it, does not of itself operate to constitute a person so using the track a licensee of the company; and in the absence of the company's permission for such use, such unauthorized custom does not change the relation of one so using the property of the railway

company from that of a trespasser." *Hammontree* v. *Southern Railway Co.*, supra; *Southern Railway Co.* v. *Barfield,* 112 *Ga.* 181 (37 S. E. 386). However, "Where a number of persons habitually, with the knowledge and without the disapproval of a railroad company, use a private passageway for the purpose of crossing the tracks of the company at a given point, the employees of the company in charge of one of its trains, *who are aware of this custom,* are bound, on a given occasion, to anticipate that persons may be upon the track at this point; and they are under a duty to take such precautions to prevent injury to such persons as would meet the requirements of ordinary care and diligence." (Italics ours.) *Bullard* v. *Southern Ry. Co.,* 116 *Ga.* 644 (43 S. E. 39) ; *Ashworth* v. *Southern Ry. Co.,* supra; *Western & Atlantic R. Co.* v. *Michael,* 175 *Ga.* 1, 10 (165 S. E. 37). In dealing with a case where a child was injured while picking up coal on the tracks of a railroad, it was held in *Simmons* v. *Atlanta & West Point R. Co.,* 46 *Ga. App.* 93 (166 S. E. 666) ; "While a railroad company's agents operating one of its trains are ordinarily not required to anticipate the presence of a child trespasser upon its tracks or property, and the duty of using ordinary care and diligence does not arise until his presence thereon becomes known [citing], where, however, children habitually, with the knowledge and without the disapproval of the railroad company, go upon the tracks of the company at a certain locality to gather coal, there is reason to apprehend that the track in front of a train of the company approaching such locality may not be clear of human beings, and the duty of anticipating the presence of and danger to such children devolves upon the employees of the company operating the train, and they are under a duty to take such precautions to prevent injury to such children as would meet the requirements of ordinary care and diligence." (Citing.) It was also ruled: "Whether or not the locality, time, and circumstances of an injury to a child using the tracks of the railroad company, and the known habits and frequency of its use by children, create such a condition as will charge the servants of the company operating the train with the special duty of looking out for the presence of a child trespasser at the time and place of the injury, is generally a question for the jury." In *Southern Railway Co.* v. *Chatman,* 124 *Ga.* 1026 (4) (53 S. E. 692, 6 L. R. A. (N. S.) 283, 4 Ann. Cas. 675) it was held: "As

to a child of tender years, no presumption arises that it will appreciate danger and will act with the discretion of an adult in getting out of the way of an approaching train, and persons in charge of a railway train are not authorized to act on such a presumption." It is provided in the Code, § 105-204, "Due care in a child of tender years is such care as its capacity, mental and physical, fits it for exercising in the actual circumstances of the occasion and situation under investigation."

The present petition alleges that the plaintiff and other children had "previously" been gathering coal at the place where he was injured. It is not clear whether by "previously" is meant a custom or habit or an isolated instance, but no special demurrer was interposed by the defendant, and we think that the allegation is sufficient to make a jury question as to whether or not the trainmen should have anticipated the presence of the plaintiff, inasmuch as it is further alleged that he was at a place where he had been *permitted* before to be by the trainmen, etc. The petition charges specific acts of negligence, sufficient for the consideration of a jury, as to whether or not the defendant's trainmen failed to exercise ordinary care and diligence towards the plaintiff. A cause of action was set forth, and the court did not err, for reasons above mentioned, in overruling the defendant's general demurrer.

There is an additional reason why the petition set forth a cause of action. It was alleged that the plaintiff and other children were in full view of the trainmen, that there was no obstacle to prevent them from seeing the children, and that they did see them, including the plaintiff, and that he was deliberately run over. It is thus charged that the trainmen's acts were wilful and wanton.

*Judgment affirmed in part and reversed in part, with direction. Stephens, P. J., concurs.*

FELTON, J., concurs in all of the rulings except the ruling on ground 10 of the demurrer, as dealt with in the first division of the opinion.